## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **Charles Farris**, | § § § | |
| Plaintiff, | § § | Case No. 2:19-cv-11350 |
| v. | § § | Judge: |
| **Santander Consumer USA, Inc.**, | § § | Magistrate: |
| Defendant. | § § § | Complaint and Demand for Jury Trial |

## COMPLAINT

**Charles Farris** (Plaintiff), by and through his attorneys, **Scott, Vicknair, Hair & Checki, LLC**, alleges the following against **Santander Consumer USA, Inc.** (Defendant):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      Defendant conducts business in the State of Louisiana and as such, personal jurisdiction is established.

## PARTIES

4.      Plaintiff is a natural person residing in New Orleans, Louisiana 70127.

5.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6.      Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1601 Elm Street, Suite 800, Dallas, Texas 75201.

7.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

9.      Plaintiff had a cellular telephone number.

10.     Plaintiff only used this telephone number for a cellular telephone.

11.     Defendant repeatedly called Plaintiff on his cellular telephone.

12.     When Plaintiff answered the calls from Defendant, Defendant's representatives on the line asked to speak to a third party unknown to Plaintiff.

13.     Shortly after the calls began, Plaintiff told Defendant it had a wfrong number and that he did not wish to be contacted.

14.     Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

15.     Despite Plaintiff's clear demand to refrain from contacting him, Defendant persisted in calling Plaintiff.

16.     When contacting Plaintiff, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

17.      Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

18.      Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

19.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20.      The TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system or automatically generated or prerecorded voice unless otherwise expressly permitted by law. 47 U.S.C. § 227(b)(1)(A)(iii).

21.      Defendant initiated repeated calls to Plaintiff's cellular telephone.

22.      Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

23.      Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

24.      Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

25.      Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

26.      The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

27.     When Defendant called Plaintiff from around June 2015 through around March 2018, it knew no later than Plaintiff's first instruction to stop calling that it did not have prior express consent to call Plaintiff.

28.     When Defendant called Plaintiff from around June 2015 through around March 2018, it knew it was placing calls to a cellular telephone.

29.     Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

30.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Charles Farris**, respectfully prays for judgment as follows:

    a.     All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.     Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.     Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d.     Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e.     Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Charles Farris**, demands a jury trial in this case.

4

Respectfully submitted,

Dated: June 25, 2019

By: *s/ Samuel J. Ford*
Samuel J. Ford, Esq.
Scott, Vicknair, Hair & Checki, LLC
909 Poydras Street, Suite 1100
New Orleans, LA 70112
Tel: 504-684-5200
Fax: 504-613-6351
Email:  ford@svhclaw.com